UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

USC HOLDINGS, LLC and CUBAN CAFE, INC.,
    Defendant(s).

Case No: 24-cv-61065-RLR

## JOINT SCHEDULING REPORT

Plaintiff, RUDOLPH BETANCOURT (referred to as "Plaintiff"), and Defendants, USC HOLDINGS, LLC and CUBAN CAFE, INC. (referred to as "Defendants"), by and through their respective undersigned attorneys, pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b), having conferred regarding initial disclosures of documents and witnesses, to discuss a discovery schedule, and to conduct other business, and now submit this Joint Scheduling Report.

I. **Party Conference Report Pursuant To L.R. 16.1(B)(2).**

    a. **Likelihood of settlement:**

    The parties will continue to discuss settlement throughout the case in good faith and will inform the Court if any settlement is reached.

    b. **Likelihood of appearance of additional parties:**

    The parties do not anticipate the joinder of additional parties at this time.

    c. **Proposed time limits:**

        i. **Joining Parties and Amending Pleadings**

        See schedule

        ii. **Filing and Hearing Motions**

        See schedule

        iii. **Completion of Discovery**

        See schedule

    d. **Proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

    Counsel shall meet before the pretrial conference to discuss any proposals for the formulation and simplification of issues. The parties will endeavor to streamline the case to the fullest extent possible.

    e. **Necessity or desirability of amendments to pleadings:**

    None at this time.

    f. **The possibility of obtaining admissions of fact and documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, and the need for advance rulings from the Court on admissibility of evidence:**

    There is a possibility in this case that the parties will obtain admissions of fact from each other. At this time, there is no need for stipulating to the authenticity of documents or for any advance rulings from the Court as to the admissibility of certain evidence. Should it become necessary, counsel will meet following the applicable discovery cut-off date and before the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence. The Defendants anticipate that a Confidentiality Agreement and/or Confidentiality Order may be appropriate and will confer regarding the same.

    g. **Suggestions for the avoidance of unnecessary proof & cumulative evidence:**

    At this time, the Parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence but will endeavor to find ways to litigate this case efficiently in the event this action is not dismissed or settled.

    h. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

    The parties **do not** agree at this time to refer all matters, including trial, in this case to a Magistrate Judge.

    i. **A preliminary estimate of the time required for trial;**

    The Parties estimate that the trial of this matter will last three (3) days.

    j. **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

        i. With the exception of the final pre-trial conference, there is no need to specifically set any conferences before trial at this time.

    ii. The parties agree that they will be ready for pretrial conference by March 15, 2025.

    iii. The parties agree that they will be ready for trial by April 7, 2025.

**k. Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI checklist available on the court's website (www.flsd.uscourts.gov), matters enumerated on the ESI checklist:**

None at this time.

**l. Any other information that might be helpful to the court in setting the case for status or pre-trial conference:**

At this time, the Parties are unaware of any other information that might be helpful to the Court in setting the case for status of pretrial conference.

**m. Whether the trial will be jury or non-jury:**

The trial will be Non-Jury

**n. An outline of the legal elements of each claim and defense raised by the pleadings:**

    i. Plaintiff's claims:

    The Plaintiff is disabled within the meaning of the ADA; the Defendant owns and/or operates a place of public accommodation, that barriers exist at the Defendant's facility; that the Plaintiff encountered and has actual knowledge of barriers listed in his Complaint, that additional barriers may exist at the facility, those barriers individually affect Plaintiff's disability, that an injunction would provide effective relief and that Plaintiff intends to return to the facility in the near future.

    ii. Defendants' Defenses:

    _____

**o. A good faith estimate of the specific dollar valuation of actual damages and other relief at issue:**

The Plaintiff is seeking injunctive relief and to have his reasonable attorney's fees and costs and expenses paid by the Defendant.

    **p. The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance:**

    The parties do not see a need for variance from the discovery limitations at this time.

## II. Scheduling Order

Pursuant to Local Rule 16.1(B)(3), the parties submit their proposed scheduling order attached to this report.

## SCHEDULE JOINTLY PROPOSED BY THE PARTIES

The Parties propose to adhere to the following schedule:

| DEADLINE/DATE | ACTION OR EVENT |
|---|---|
| September 30, 2024 | Joinder of Additional Parties and motions for class certification. |
| November 7, 2024 | Parties shall exchange expert witness summaries and reports. |
| November 7, 2024 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| November 21, 2024 | Parties exchange rebuttal expert witness summaries and reports. Note: These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of Attachment A). |
| December 23, 2024 | All discovery, including expert discovery, shall be completed. |
| August 29, 2024 | A mediator must be selected. |
| January 7, 2025 | All summary judgment, Daubert, and other dispositive motions must be filed. A minimum of eight (8) weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report |
| September 30, 2024 | The Parties shall complete mediation |
| January 7, 2025 | All Pretrial Motions and Memoranda of Law must be filed. |
| March 7, 2025 | Joint Pretrial Stipulation must be filed. |
| March 21, 2025 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| March 7, 2025 | Deposition designations must be filed. |
| April 7, 2025 | Beginning of Trial Period. |
| None | Additional deadlines (please specify). |

Respectfully submitted,

        s/ Glenn R. Goldstein
        Glenn R. Goldstein, Esq. (FBN: 55873)
          *Attorney for Plaintiff*
        Glenn R. Goldstein & Associates, PLLC
        8101 Biscayne Blvd., Ste. 504
        Miami, Florida 33138
        (561) 573 2106
        GGoldstein@G2Legal.net

        s/ Lauren N. Wassenberg
        Lauren N. Wassenberg, Esq. (FBN: 34083)
          *Attorney for Plaintiff*
        Lauren N. Wassenberg & Associates, P.A.
        33 SE 4th St., Ste. 100
        Boca Raton, FL 33432
        305.804.5435
        WassenbergL@gmail.com

        s/ David A. Hoines
        David A. Hoines, Esq. (FBN: 195867)
          *Attorney for Defendants*
        HOINES, HESS, & ROSE
        3081 E. Commercial Blvd., Suite #200
        Ft. Lauderdale, FL 33308-4359
        (954) 772-2444
        david@hoineslaw.com